## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTS TECHNOLOGY GROUP, INC. <br><br> Plaintiff <br><br> v. <br><br> CURWOOD, INC. <br><br> Defendant. | CIVIL ACTION <br><br><br> NO.  14-5677 |

### DEFENDANT'S FINAL PRETRIAL MEMORANDUM

This matter is scheduled for a Final Pretrial Conference held on October 16, 2015, at 1:00pm.

**I.     NATURE OF ACTION AND JURISDICTION**

  A.     This is an action for an alleged breach of contract relating to the distribution and sale of food trays and film.

  B.     The jurisdiction of this Court is invoked under 28 U.S.C. § 1332.

  C.     The jurisdiction of this Court is not disputed.

  D.     Venue in this Court is not disputed.

**II.     TRIAL INFORMATION**

  A.     The estimated length of trial is 3 days.

  B.     Trial to the jury has been set for on or after October 30, 2015.

**III.     DEFENDANT'S STATEMENT OF THE FACTS**

This action arises from the sale and distribution of food trays and film manufactured by Defendant, Curwood, Inc. ("Curwood").  The Plaintiff, Roberts Technology Group, Inc. ("RTG"), purchased food trays and film from Curwood to be sold to end-users.  RTG lost its business with several customers and has now brought this litigation against Curwood.

RTG did not have a contract with Curwood.  There was no written or signed contract, and instead, Curwood sold its products to RTG on a per-order basis.  RTG has alleged in this litigation that there was an enforceable agreement between the parties based on an exchange of email communications.  Emails between Michael Cheatle of RTG and Peter Wright of Curwood evidence some general understanding of the relationship between the parties, but not an enforceable agreement.  Moreover, according to RTG, the email communications encompass the entirety of the alleged contract.  At no point in any of the email communications did the parties state, or even contemplate, a duration for which the supposed agreement was intended to be enforceable, thereby making any agreement terminable at will.

RTG sold trays manufactured by Curwood to only nine customers.  RTG's largest customer was Aramark, Corp. ("Aramark"), who used trays manufactured by Curwood to service the Philadelphia Prison System.  Aramark and RTG signed three short term non-binding agreements for the purchase of food trays, with no such agreement lasting more than one year.  During the course of Aramark's final one-year non-binding agreement with RTG, the business relationship soured.  Aramark made the unilateral decision to cease business with RTG at the end of its final non-binding agreement, which terminated in May 2013.  To ensure continued service by Aramark to the Philadelphia Prison System, in light of certain service issues with RTG, and for its own business objectives and purposes, Aramark approached defendant Curwood and sought to do business directly with Curwood.  After May 2013, when the non-binding agreement between RTG and Aramark terminated, Curwood began selling its food trays to Aramark for use at the Philadelphia Prison System.

RTG has claimed it was "protected" as to the sale of trays to certain identified customers, including Aramark, because of emails exchanged between the parties.  Furthermore, RTG has

claimed this "protection" would last until the end of time.  At no point in any communication between the parties was there an expression or implication of a duration for which the relationship between the parties would last.  Moreover, whatever "protection" existed, if at all, was understood to cease if and when RTG was unable to maintain a good relationship with an end-user.  Aramark approached Curwood because of certain service issues with RTG and for Aramark's own business purposes and objectives, evidencing that Plaintiff was unable to maintain a good relationship with its end-user.

In addition to the Plaintiff's failure to maintain a good relationship with the end-users, it also failed to pay three outstanding invoices owed to Curwood, giving rise to the Defendant's counter-claim.  These invoices total $82,933.20, and were for the sale of trays manufactured by Curwood and sold to RTG.  There is no dispute that these trays were sold and delivered, nor is there a dispute that the invoices are presently outstanding.

## IV.    DEFENDANT'S LIST OF DAMAGES

A.    $82,933.20— Outstanding invoices issued by Curwood to RTG.


## V.    FACT WITNESSES

Defendant will call or have available for testimony at trial the following liability witnesses:

1.    Walt S. Flaherty
       Aramark
       Current employer: Lintons Mngd. Services
       4 Sentry Parkway East
       Suite 100
       Blue Bell, PA 19422

       Mr. Flaherty was employed by Aramark during the relevant time as general
       manager of the Philadelphia Prison System.  He is expected to testify
       concerning the business relationship between Aramark and RTG.

2.    Orlando Carugno
       Philadelphia Prison Systems

1907 State Road
Philadelphia, PA 19136

Mr. Carugno was the Chief of Operations for the Philadelphia Prison System.  He is expected to testify concerning the business relationship and service provided by Aramark and RTG to the Philadelphia Prison System.

3.      Peter Wright
        Curwood
        220 Badger Ave.
        P.O. Box 2968
        Oshkosh, WI 54903

Mr. Wright was a sales representative employed by Curwood.  He is expected to testify concerning the business relationship between Curwood, RTG, and certain customers.  Mr. Wright is also expected to testify on the operations and procedures of Curwood.

4.      Paul Vanden Heuvel
        Curwood
        220 Badger Ave.
        P.O. Box 2968
        Oshkosh, WI 54903

Mr. Vanden Heuvel was a director of marketing for Curwood.  He is expected to testify concerning the business relationship between the parties.  Mr. Vanden Heuvel is also expected to testify on the operations and procedures of Curwood.

5.      Angela Hawkins
        Curwood
        220 Badger Ave.
        P.O. Box 2968
        Oshkosh, WI 54903

Ms. Hawkins is an account specialist for Curwood.  She is expected to testify concerning the business relationship between the parties.  Ms. Hawkins is also expected to testify on the operations and procedures of Curwood.

6.      Carrie Wagner
        Curwood
        220 Badger Ave.
        P.O. Box 2968
        Oshkosh, WI 54903

Ms. Wagner is a customer service representative for Curwood.  She is expected to testify concerning the business relationship between the parties.

Ms. Wagner is also expected to testify on the operations and procedures of Curwood.

7.     Salvatore Sacco
       RTG
       120 New Britain Blvd.
       Chalfont, PA 18914

       Mr. Sacco is a service manager employed by Roberts Technology Group. He is expected to testify concerning the business practices and relationships of RTG and certain customers.

8.     Robert Cheatle
       RTG
       120 New Britain Blvd.
       Chalfont, PA 18914

       Robert Cheatle is an owner of RTG.  He is expected to testify concerning the business of RTG, and its relationship with Curwood.

9.     Thomas Cheatle
       RTG
       120 New Britain Blvd.
       Chalfont, PA 18914

       Thomas Cheatle is the Vice President of RTG.  He is expected to testify concerning the business of RTG, and its relationship with Curwood.

10.    Carty McMullen
       Aramark
       203 Woodshyre Court
       Lawrenceville, GA 30043

       Ms. McMullen was the Regional Vice President for Aramark.  She is expected to testify concerning the business relationship between Aramark, RTG, and Curwood, as well as Aramark's operations as they relate to this litigation.

11.    Michael Cheatle
       RTG
       120 New Britain Blvd.
       Chalfont, PA 18914

       Michael Cheatle is a sales representative employed by RTG.  He is expected to testify concerning the business of RTG, and its relationship with Curwood, Aramark, and other RTG customers.

12.     Angela Frattone
        RTG
        120 New Britain Blvd.
        Chalfont, PA 18914

        Ms. Frattone was an employee of RTG.   She is expected to testify
        concerning the business operations of RTG, as well as the shipment and
        delivery of products to customers.

13.     Tony Grispino
        RTG
        120 New Britain Blvd.
        Chalfont, PA 18914

        Mr. Grispino was an employee of RTG.  He is expected to testify concerning
        the business operations of RTG.

14.     Armand Castelli
        Aramark
        395 Lighthouse Dr.
        Manahawkin, NJ 08050

        Mr. Castelli was a food services director employed by Aramark.  He is
        expected to testify concerning the business relationship between Aramark,
        RTG, and Curwood, as well as Aramark's operations as they relate to this
        litigation.

Defendant will call or have available for testimony at trial the following damages
witnesses for its claims:

15.     Terri Williamson
        Curwood
        3033 East 16th St.
        Russellville, AR 72802

        Ms. Williamson is a production planner employed by Curwood.  She is
        expected to testify concerning the business relationship between RTG and
        Curwood, as well as the billing associated with Curwood's customers.

16.     Paul Vanden Heuvel
        Curwood
        220 Badger Ave.
        P.O. Box 2968
        Oshkosh, WI 54903

        Mr. Vanden Heuvel was a director of marketing for Curwood.  He is
        expected to testify concerning the business relationship between the parties.

Mr. Vanden Heuvel is also expected to testify on the operations and procedures of Curwood.

By designating certain witnesses as "liability" or "damages" witnesses, Defendant is not agreeing to limit any witness's testimony.  Rather, Defendant has made this designation based upon its good faith understanding of the primary focus of the witness's testimony.  A witness may have relevant testimony pertaining to both liability and damages, and each witness should be permitted to testify consistent with the Federal Rules of Evidence.

## VI.   EXPERT WITNESSES

Defendant will call the following expert witness, whose name has been disclosed to opposing counsel:

Glenn Newman.  Mr. Newman will testify regarding the damages alleged by RTG and rebut the testimony offered by the plaintiff's damages expert.

## VII.   DESIGNATION OF DEPOSITON TESTIMONY

Defendant does not anticipate offering any witnesses by way of deposition testimony at trial.

## VIII.   EXHIBITS

A schedule of Defendant's exhibits is attached hereto as Appendix A.

To date, Defendant has not been served with Plaintiff's exhibit list, and therefore Defendant cannot identify its contested exhibits.  Counsel for RTG has stated that a list of RTG's exhibits will be provided Friday, September 18, 2015.

Defendant served its exhibit list on Plaintiff on September 15, 2015, and has not received any objections from Plaintiff.

## IX.   STIPULATIONS OF COUNSEL

Counsel have made no stipulations.

Respectfully submitted,

/s/ Dexter R. Hamilton__
Dexter R. Hamilton
Arthur P. Fritzinger
1650 Market St.
Philadelphia, PA 19103
P: (215) 665-2166
dhamilton@cozen.com
afritzinger@cozen.com
*Attorneys for Defendant, Curwood, Inc.*

# **APPENDIX A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERTS TECHNOLOGY GROUP, INC.<br>                  Plaintiff | CIVIL ACTION |
|       v. | |
| CURWOOD, INC.<br>                  Defendant. | NO.  14-5677 |

## <u>DEFENDANT, CURWOOD, INC.'S PROPOSED EXHIBIT LIST</u>

Pursuant to Paragraph 1 of the Court's August 4, 2015 Order (Doc. No. 47), Defendant, Curwood, Inc. ("Curwood") notifies Plaintiff, Roberts Technology Group, Inc. ("RTG"), of the following exhibits that Curwood may introduce at trial.  Curwood reserves the right to amend this list up to the time of trial, to introduce or use any exhibits listed by RTG, and to offer additional exhibits as appropriate based upon issues that arise at trial.

| <u>Number</u> | <u>Bates No.</u> | <u>Description</u> |
|---|---|---|
| 1. | CU0000004 | July 12, 2011 Email between RTG and Curwood |
| 2. | CU0000004-5 | July 12, 2011 Email Chain between Curwood and RTG |
| 3. | CU0000039-41 | July 18, 2011 Email Chain between Curwood and RTG |
| 4. | CU0000047-48 | July 18, 2011 Curwood Email Chain |
| 5. | CU0000054 | July 19, 2011 Email between Curwood and RTG |
| 6. | CU0000069-70 | July 19, 2011 Email Chain between Curwood and RTG |
| 7. | CU0000459-61 | September 9, 2011 Email Chain between Curwood and RTG |
| 8. | CU0000643-44 | September 28, 2011 RTG-Curwood Email |
| 9. | CU0000650 | September 30, 2011 RTG-Curwood Email |
| 10. | CU0000656 | October 4, 2011 Email between Curwood and RTG |

| Number | Bates No. | Description |
|--------|-----------|-------------|
| 11. | CU0000689 | October 11, 2011 Email between Curwood and RTG |
| 12. | CU0002154 | October 30, 2012 Email between Aramark and Curwood |
| 13. | CU0002166-68 | November 6, 2012 Curwood Email |
| 14. | CU0002173 | November 8, 2012 Email between Aramark and Curwood |
| 15. | CU0002238-240 | January 4, 2013 Email Curwood Email Chain |
| 16. | CU0002567-68 | February 19, 2013 Curwood-Aramark Email |
| 17. | CU0002567-68 | February 19, 2013 Email between Aramark and Curwood |
| 18. | CU0002701-05 | May 1, 2013 Curwood Email Chain with Aramark Agreement |
| 19. | CU0003046-47 | December 13, 2013 Email between P. VandenHeuvel and D. Engen |
| 20. | CU0003048-49 | December 13, 2013 Email between P. VandenHeuvel and D. Engen |
| 21. | CU0007222 | September 27, 2012 Curwood Email |
| 22. | CU0008015-17 | October 3, 2012 Email between RTG and Curwood |
| 23. | CU0008798-800 | August 13, 2012 Email between Curwood and RTG |
| 24. | CU0009587-88 | March 20, 2012 Email Chain between Curwood and RTG |
| 25. | CU0009709-10 | March 2, 2012 Email between Curwood and RTG |
| 26. | CU0010535 | August 27, 2013 Email between RTG and Curwood |
| 27. | CU0010551 | August 21, 2013 Curwood Invoice to RTG for Unpaid Balance |
| 28. | CU0010592 | Curwood Unpaid July 3, 2013 Purchaser Order by RTG |
| 29. | CU0011096-98 | July 1, 2013 Curwood Email |
| 30. | CU0011457-58 | June 20, 2013 Curwood Email |
| 31. | CU0012235-39 | May 31, 2013 Curwood Email Chain |

| Number | Bates No. | Description |
|--------|-----------|-------------|
| 32. | CU0013192-93 | April 29, 2013 Email between RTG and Curwood |
| 33. | CU0013432 | May 13, 2013 Curwood Email |
| 34. | CU0013685-86 | May 10, 2013 Curwood Email |
| 35. | CU0014034-37 | January 29, 2013 Email Chain between Curwood and Aramark |
| 36. | CU0014087 | May 10, 2013 Curwood Email |
| 37. | CU0015828 | January 10, 2013 Aramark Meeting Request |
| 38. | CU0017649-650 | May 9, 2013 Email between Curwood and RTG |
| 39. | CU0018030-32 | May 2, 2013 Email between RTG and Curwood |
| 40. | CU0018365 | May 21, 2013 Curwood Email |
| 41. | CU0018402-03 | Carty McMullen Certification |
| 42. | MSJ00206 | Mike Cheatle List of RTG customers |
| 43. | N/A | RTG's Responses to Curwood's First Set of Interrogatories |
| 44. | N/A | RTG's Complaint and Exhibits |
| 45. | RTG 000004 | August 21, 2013 Email between RTG and Curwood |
| 46. | RTG 000011-12 | May 14, 2013 RTG Email Chain |
| 47. | RTG 000013 | May 7, 2013 Email between Aramark and RTG |
| 48. | RTG 000020 | October 4, 2012 Email between RTG and Aramark |
| 49. | RTG 000029-30 | September 7, 2012 RTG Email Chain |
| 50. | RTG 000041 | August 9, 2012 Email between RTG and Aramark |
| 51. | RTG 000043-44 | July 31, 2012 Email Chain between RTG and Aramark |
| 52. | RTG 000065-67 | May 29, 2012 Email Chain between RTG and Aramark |
| 53. | RTG 000065-68 | May 29, 2012 Email Chain between RTG and Aramark |
| 54. | RTG 000069-72 | May 29, 2012 Email Chain between RTG and Aramark |

| Number | Bates No. | Description |
|---|---|---|
| 55. | RTG 000069-72 | May 29, 2012 Email Chain between RTG and Aramark |
| 56. | RTG 000076 | May 22, 2012 Email between RTG and Aramark |
| 57. | RTG 000086-87 | May 3, 2012 Email between RTG and Aramark |
| 58. | RTG 000090 | May 1, 2012 Email between RTG and Aramark |
| 59. | RTG 000090-91 | May 1, 2012 Email Chain between RTG, Aramark and Philadelphia Corrections |
| 60. | RTG 000096 | April 20, 2012 Email between RTG and Curwood |
| 61. | RTG 000098-99 | April 9, 2012 Email Chain between RTG and Curwood |
| 62. | RTG 000105-06 | October 5, 2011 Email Chain between RTG and Curwood |
| 63. | RTG 000109-110 | September 15, 2011 Email Chain between RTG and Curwood |
| 64. | RTG 000127-130 | July 20, 2011 Email Chain between RTG and Curwood |
| 65. | RTG 000143-46 | September 6, 2013 Email Chain between RTG and MOW Central Maryland |
| 66. | RTG 000163 | April 5, 2012 Email between MOW Central Maryland and RTG |
| 67. | RTG 000164-66 | April 4, 2012 Email Chain between MOW Central Maryland and RTG |
| 68. | RTG 000167-70 | April 4, 2012 Email Chain between MOW Central Maryland and RTG |
| 69. | RTG 000171-185 | Email Chain between RTG and MOW Central Maryland |
| 70. | RTG 000235-37 | October 23, 2012 Email between MOW Northampton and RTG |
| 71. | RTG 000245 | July 31, 2013 Email Chain between RTG and Aramark |
| 72. | RTG 000246 | July 29, 2013 Email Chain between RTG and Aramark |
| 73. | RTG 000253 | June 14, 2013 Email Chain between RTG and Aramark |

| Number | Bates No. | Description |
|--------|-----------|-------------|
| 74. | RTG 000260-63 | April 3, 2013 Email with Attachment between RTG and Aramark |
| 75. | RTG 000265-66 | February 3, 2013 Email Chain between RTG and Aramark |
| 76. | RTG 000279-280 | September 14, 2012 Email Chain between RTG and Aramark |
| 77. | RTG 000281-82 | September 14, 2012 Email Chain between RTG and Aramark |
| 78. | RTG 000316-320 | August 29, 2011 Email Chain between RTG and Aramark |
| 79. | RTG 000380 | September 30, 2012 Email between RTG and Curwood |
| 80. | RTG 000381 | September 28, 2011 Email between RTG and Curwood |
| 81. | RTG 000392-92 | September 15, 2011 Email Chain between RTG and Curwood |
| 82. | RTG 000402-06 | August 26, 2011 Email Chain with attachment between RTG and Curwood |
| 83. | RTG 000412-458 | RTG Invoices |
| 84. | RTG 000504-48 | Curwood-RTG Invoices |
| 85. | RTG 000505 | Curwood Unpaid June 7, 2013 Purchase Order by RTG |
| 86. | RTG 000505-07 | RTG Invoices re: Aramark |
| 87. | RTG 000506 | Curwood Unpaid May 20, 2013 Purchase Order RTG |
| 88. | RTG 000627-30 | RTG Invoices re: Aramark |
| 89. | RTG 000660-689 | RTG Invoices re: MOW Northampton |
| 90. | RTG 001024-26 | October 23, 2012 Email Chain between MOW Northampton and RTG |
| 91. | RTG 001034 | July 31, 2013 Email between RTG and Aramark |
| 92. | RTG 001035 | July 29, 2013 Email between RTG and Aramark |
| 93. | RTG 001042 | June 14, 2013 Email between RTG and Aramark |

| Number | Bates No. | Description |
|---|---|---|
| 94. | RTG 001061 | October 23, 2012 Email between RTG and Aramark |
| 95. | RTG 001068 | September 24, 2012 Email between RTG and Aramark |
| 96. | RTG 001070-71 | September 14, 2014 Email between RTG and Aramark |
| 97. | RTG 001169 | September 30, 2011 Email between RTG and Curwood |
| 98. | RTG 001170 | September 28, 2011 Email between RTG and Curwood |
| 99. | RTG 001181-85 | September 15, 2011 Email with attachments between RTG and Curwood |
| 100. | RTG 001218 | May 11, 2012 RTG Warranty Service Summary |
| 101. | RTG 001221-265 | RTG Warranty Service Summaries re: Aramark DOC |
| 102. | RTG 001224-25 | December 28, 2011 RTG Warranty Service Summary |
| 103. | RTG 001351 | February 14, 2013 Email between RTG and Valley Services |
| 104. | RTG 001357 | February 1, 2013 Email between RTG and Valley Services |
| 105. | RTG 001657-58 | April 1, 2013 Email between T. Cheatle and M. Cheatle |
| 106. | RTG 001807-812 | RTG Email with Aramark Letters of Understanding |
| 107. | RTG 001835-1836 | December 2011 RTG-Aramark Letter of Understanding |
| 108. | RTG 001853-54 | April 2012 RTG-Aramark Letter of Understanding |
| 109. | RTG 001874-76 | September 20, 2012 Email Chain between RTG and Curwood |
| 110. | RTG 001943 | May 1, 2012 Email between RTG and Aramark |
| 111. | RTG 001947-48 | May 2013 Unsigned RTG-Aramark Letter of Understanding |

Date: September 15, 2015

Respectfully submitted,

COZEN O'CONNOR

By: /s/ Dexter R. Hamilton
Dexter R. Hamilton

6

Arthur P. Fritzinger
1650 Market St.
Philadelphia, PA 19103
(215) 665-2000
dhamilton@cozen.com
afritzinger@cozen.com
*Attorneys for Defendant, Curwood, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 18, 2015, I served a copy of Defendant's Final Pretrial

Memorandum on the following via the Court's electronic filing system:


Brian Grady
Grady Law Offices
1500 John F. Kennedy, Blvd.
2 Penn Center, Suite 1020
Philadelphia, PA 19102


/s/ Dexter R. Hamilton
Dexter R. Hamilton